## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among defendants TRI-MED HOME CARE SERVICES, INC., and VINOD SINHA (hereinafter collectively "Defendants"), and Plaintiffs TARANGINI ANEESA PERSAUD, BENICES INFANTE, VANESSA VENUS, and YOBANA GUZMAN (hereinafter collectively "Plaintiffs"). Defendants and Plaintiffs are referred to collectively as the "Parties."

## RECITALS

**WHEREAS**,  Persaud and Infante commenced the lawsuit entitled  *Persaud et al., on behalf of himself, individually, and on behalf of all others similarly situated v. Tri-Med Home Care Services, Inc., et al.,* Docket Number 15-CV-4341 (SJF) (ARL) in the Eastern District of New York (the "Action") seeking wages for unpaid overtime, minimum wage violations, liquidated damages, wage statement and wage notice violations, interest, attorneys' fees and costs against the Defendants pursuant to federal and state laws including the Fair Labor Standards Act of 1938, as amended ("FLSA"), and the New York Labor Law ("NYLL") and related regulations; and

**WHEREAS,** pursuant to 29 U.S.C. § 216(b), Plaintiffs Venus and Guzman opted-in to the Action; and

**WHEREAS**, the Parties mutually desire to fully resolve and forever settle all of the claims asserted by the Plaintiffs in the Action, for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, the Parties are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and the Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel;

**NOW, THEREFORE**, the Parties agree as follows:

## AGREEMENT

**1. DEFINITIONS** The terms set forth below shall be defined as follows:

**1.1.** Plaintiffs. "Plaintiffs" mean Tarangini Aneesa Persaud, Benices Infante, Vanessa Venus, and Yobana Guzman.

**1.2.** Plaintiffs' Counsel. "Plaintiffs' Counsel" means Borrelli & Associates, P.L.L.C. (655 Third Avenue, Suite 1821, New York, New York 10017).

**1.3.** <u>Defendants</u>. "Defendants" means Tri-Med Home Care Services, Inc., and Vinod Sinha, individually.

**1.4.** <u>Defendants' Counsel</u>. "Defendants' Counsel" means Jack L. Glasser, Esq. of Jack L. Glasser, P.C. (8910 Sutphin Boulevard, Jamaica, New York 11435).

**1.5.** <u>Parties</u>. "Parties" means and refers to Plaintiffs and Defendants.

**1.6.** <u>The Litigation</u>. "The Litigation" refers to the lawsuit captioned *Persaud et al., on behalf of himself, individually, and on behalf of all others similarly situated v. Tri-Med Home Care Services, Inc., et al.,* Docket Number 15-CV-4341 (SJF) (ARL) in the U.S. District Court for the Eastern District of New York.

**1.7.** <u>The Court</u>. "The Court" refers to the Eastern District of New York.

**1.8.** <u>Settlement</u>. "Settlement" means the terms of the settlement of this Litigation, which is embodied fully in this Agreement.

## 2. **SETTLEMENT PAYMENTS**

### 2.1. **Negotiated Settlement Payment and Distribution to Plaintiffs**

(a)     In consideration of Plaintiffs' execution of this Agreement and the promises and covenants contained herein, and subject to the Court's approval of the Agreement pursuant to the requirements of the FLSA, Defendants agree to pay the sum of Fifty Thousand Dollars ($50,000.00), for the purpose of settling the Litigation.  All portions of the Settlement Amount shall be delivered to: Michael J. Borrelli, Esq., Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, New York 11021.

(b)     The $50,000.00 Settlement Amount, which shall be distributed in one check made payable to "Borrelli & Associates P.L.L.C.", within seven (7) business days of the Court's approval of the settlement, shall be allocated as follows:

   a.  Twenty Thousand Three Hundred Sixty Three Dollars and Nine Cents ($20,363.09) to Borrelli & Associates, P.L.L.C., representing attorneys' fees and costs, for which a Form 1099 will be issued to Plaintiffs and Plaintiffs' counsel.

   b.  Twenty One Thousand One Hundred Fifty Nine Dollars and Fifty Six Cents ($21,159.56), to Tarangini Aneesa Persaud be reported on an IRS 1099 form;

c. Seven Thousand Three Hundred Ninety One Dollars and Thirty Five Cents ($7,391.35), to Benices Infante be reported on an IRS 1099 form;

d. Five Hundred Forty Three Dollars and Zero Cents ($543.00), to Vanessa Venus be reported on an IRS 1099 form;

e. Five Hundred Forty Three Dollars and Zero Cents ($543.00), to Yobana Guzman be reported on an IRS 1099 form

For all payments that will be reported on Form 1099 without any state or federal tax withholdings, the Plaintiffs expressly understand and agree that he or she shall be solely responsible for the payment of all federal, state and local taxes due on that payment. As a necessary precondition to any payment, Plaintiffs must provide Defendants with a properly completed, duly executed IRS Form W-9, for each Plaintiff. All settlement payments shall be made by check and shall be delivered to: Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, New York 11021, Attn: Michael J. Borrelli, Esq. Plaintiffs further agree that to the extent that any other federal, state or local taxes may be or become due or payable as a result of any of the above Form 1099 payments, he or she shall be solely responsible for paying them. Plaintiffs further agree that he or she has not relied upon any representation made by Defendants or any of its representatives concerning the tax treatment of said payments. Plaintiffs shall indemnify Defendants from, and hold them harmless against, any claims made by administrative agencies or courts of competent jurisdiction for such unpaid taxes, as a result of any such claims.

(c)     Should Defendants fail to deliver any of the above payments according to the schedule set out above, Plaintiffs' attorneys shall notify Defendants' attorneys, via email to Jack Glasser, at jackglasserpc@aol.com, within two business days of Defendants' failure to make said payment. Defendants will then be afforded seven (7) business days following the date Plaintiffs' attorneys provided notice, to cure their breach by hand-delivering any amounts due and owing to Plaintiffs' attorneys at the address listed above. If Defendants timely cure their breach, no other dates in the above schedule shall become altered or in any way affected. If Defendants fail to timely cure their breach, two hundred percent (200%) of the entire unpaid balance of the payments will then become due and owing, and Plaintiff may apply to the Court, which will retain jurisdiction over the Action to enforce the terms of this Agreement, to enter judgment for that amount, plus all attorneys' fees and costs associated with seeking judgment for Defendants' breach. In the event of Defendants' failure to cure any breach of this section, interest shall be assessed from the date Plaintiffs notify Defendants of their breach at a rate of 9% *per annum*. Plaintiffs shall also be entitled to seek all attorneys' fees and costs associated with making any application for attorneys' fees incurred as a result of the breach.

Plaintiffs hereby acknowledge and agree that, after receipt of payment set forth herein, that he or she has been paid in full for all time worked through the date of this Agreement and is not entitled to any other form of compensation, including, but not limited to, any wages, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants through the date of the execution of this Settlement Agreement, except as specifically provided in the Settlement Agreement.

## 3. RELEASES

**3.1. <u>Claims Released by Plaintiffs</u>**.  In exchange for the Negotiated Settlement Payment set forth in Section 2 of this Agreement, and other valuable consideration set forth elsewhere in this Agreement, Plaintiffs shall, for themselves, their attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily and with the advice of counsel, fully and forever release, acquit, waive, and discharge the Defendants, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them, in their personal, individual, official and/or corporate capacities, from any and all claims asserted in the Complaint in the Action, including FLSA and NYLL claims arising up to and including the date of execution of this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasors, or any of them, may assert anywhere in the world against the Releasees, or any of them, relating to FLSA violations or NYLL wage-and-hour claims arising as a result of his employment with Defendants, or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Litigation (collectively, the "Released Claims").

**3.2. <u>Approval</u>**.  This Agreement is subject to approval by the Court.

**3.3. <u>Non-Admission of Liability</u>**.  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

**3.4. <u>Complete Relief</u>**.  The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, and only to the extent such right cannot be waived, to file or participate in an investigative proceeding of any federal, state or local governmental agency, but no Plaintiffs may seek any monetary damages, relief or recovery in such a proceeding.

## 4. DISMISSAL OF THE LAWSUIT

Plaintiffs authorize and instructs Plaintiffs' Counsel to sign a Stipulation of Dismissal with Prejudice ("the Dismissal Order") in the form attached to this Agreement as Exhibit A. The parties shall direct their counsel to file a joint motion for approval of the settlement in the United States District Court for the Eastern District of New York as soon as practicable.

## 5. MISCELLANEOUS

**5.1. Entire Agreement.** This Agreement and all attachments, constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

**5.2. Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties.

**5.3. Neutral Reference.** Upon request from a prospective employer or other entity made to Defendants by any Plaintiff, Defendants will provide a neutral reference confirming dates of employment and position held and will further state that it is company policy to only provide this information.

**5.4. Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the parties. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**5.5. Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6. Construction.** The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party.

**5.7. Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a **full** and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a **full** and complete settlement and waiver of claims, as set forth herein.

**5.8. Amendment.** This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

**5.9. Effective Date.** This Agreement shall become effective following its execution by the Parties and approval by the Court.

**5.10. Attorney's Fees and Costs.** Except as specifically provided in Paragraph 2.1 of the Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation.

**5.11. Fair and Reasonable Settlement.** The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**5.12. Severability.** In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in **full** force and effect, and to that end the provisions of this Agreement are declared to be severable.

**5.13. Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature *(i.e.,* using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, ore-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

PLAINTIFFS                                          DEFENDANTS

_____               Tri-Med Home Care Services, Inc.
Tarangini Aneesa Persaud

Date:  __6/2/2017__                           by:  _____

                                                   Date:  _____

**5.8. <u>Amendment</u>.** This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

**5.9. <u>Effective Date</u>.** This Agreement shall become effective following its execution by the Parties and approval by the Court.

**5.10. <u>Attorney's Fees and Costs</u>.** Except as specifically provided in Paragraph 2.1 of the Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation.

**5.11. <u>Fair and Reasonable Settlement</u>.** The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**5.12. <u>Severability</u>.** In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in **full** force and effect, and to that end the provisions of this Agreement are declared to be severable.

**5.13. <u>Counterparts</u>.** This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature *(i.e.,* using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, ore-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

PLAINTIFFS                                    DEFENDANTS

                                              Tri-Med Home Care Services, Inc.
_____
Tarangini Aneesa Persaud

Date: _____                     by: _____

Date:  _6/2/17_____

_____
Benices Infante

Date:  _____

_Vinod V Sinha_____
Vinod Sinha

Date:  _6/2/17_____

_____
Vanessa Venus

Date:  _____

_____
Yobana Guzman

Date:  _____

_____
Benices Infante


Date: _____




_____
Vinod Sinha

Date: _____




_____
Vanessa Venus


Date: _____




_____
Yobana Guzman


Date: _____

Benices Infante

Date: _____

Vinod Sinha

Date: _____

Vanessa Venus

Date: 06/05/17

Yobana Guzman

Date: _____

_____
Benices Infante

Date: _____


_____
Vinod Sinha

Date: _____


_____
Vanessa Venus

Date: _____


_____
Yobana Guzman

Date: ___06/07/2017___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TARANGINI ANEESA PERSAUD and BENICES
INFANTE, on behalf of themselves, individually, and
on behalf of all others similarly-situated,

                              Plaintiffs',                     Docket No.:
                                                            15-CV-4341(SJF)(ARL)

         -against-

TRI-MED HOME CARE SERVICES, INC., and
VINOD SINHA, an individual.

                            Defendants.
-------------------------------------------------------------------X

## **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

       IT IS HEREBY STIPULATED AND AGREED, by and between the parties, and ordered by the Court, that:

       (a)     the parties' settlement, including the settlement of claims under the Fair Labor Standards Act, is fair and reasonable; and

       (b)     the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party; and

(c)    the Court shall retain jurisdiction of this matter for the sole purposes of enforcing

the parties' settlement.

**BORRELLI & ASSOCIATES, P.L.L.C.**

By: _____
      Jeffrey Maguire, Esq.
      655 Third Avenue, Suite 1821
      New York, New York 10017
      (212) 679-5000
      jrm@employmentlawyernewyork.com

*Attorneys for Plaintiffs*

Dated: _____June 6_____ , 2017

**JACK L. GLASSER, P.C.**

By: _____
      Jack L. Glasser, Esq.
      8910 Sutphin Boulevard
      Jamaica, New York 11435
      (718) 526-8100
      jackglasserpc@aol.com

*Attorneys for Defendants*

Dated: _____June 6_____ , 2017

**SO ORDERED:**

_____